CHRISTOPHER J. ERICKSON, *pro hac vice forthcoming*
cerickson@ftc.gov; (202) 677-8302
ABBEY THORNHILL WALLACE, *pro hac vice pending*
awallace@ftc.gov; (202) 256-1507
KIMBERLY L. NELSON, *pro hac vice pending*
knelson@ftc.gov; (202) 326-3304
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580

Local Counsel
JOHN D. JACOBS
Cal. Bar No. 134154; jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4360; Fax: (310) 824-4380

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMARE GLOBAL HOLDINGS INC., *et al.*,<br><br>Defendants. | Case No. 2:26-cv-05900<br><br>**NOTICE OF RELATED CIVIL CASE PURSUANT TO L.R. 83-1.3.1** |

Pursuant to Local Rule 83-1.3.1, Plaintiff, Federal Trade Commission ("FTC" or "Commission"), hereby gives notice this case arises from substantially related issues of fact and law as another matter in this District, *FTC v. Window*

*Rock Enterprises, Inc., et al.*, No. 2:04-cv-08190-DSF (C.D. Cal.).  Specifically, the FTC anticipates it will soon initiate contempt proceedings asserting violations of the Stipulated Final Agreement and Order for Permanent Injunction and Settlement of Claims for Monetary Relief As To Defendant Shawn M. Talbott (ECF No. 51 in that case) (the "Order") based on conduct that also gave rise to this new action.[1]

### A. The Pending Case – *Amare Global Holdings, Inc., et al.*

In the pending case, the FTC has filed a three-count complaint alleging Amare Global Holdings, Inc. ("Amare Global"), Shawn Talbott ("Talbott"), David Chung ("Chung"), and Patrick Hintze ("Hintze") (collectively, the "Amare Defendants") violated Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, and seeks relief including a permanent injunction pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) (the "Complaint").  Specifically, the FTC alleges the Amare Defendants produce, market, and sell dietary supplements claiming they treat diseases and medical conditions such as depression, anxiety, and ADHD, and the products purportedly work by increasing or normalizing neurotransmitters such as dopamine, serotonin, and GABA, as well as reducing or regulating cortisol.

In Count I, the FTC alleges these representations are all false, misleading, or unsubstantiated.  In Count II, the FTC alleges the Amare Defendants falsely claimed consumers who become "brand partners" of Amare Defendants' multi-level marketing program will or are likely to make a profit through their work marketing Amare products.  The FTC asserts these representations constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act.  Finally, in Count III, the FTC alleges the Amare Defendants have provided the means and instrumentalities for the commission of deceptive acts and practices in violation of

---

[1] FTC counsel is in the process of meeting and conferring with alleged contemnors and their counsel as required by L.R. 7-3 and will file its contempt action as soon as they satisfy the obligations of the rule.

Section 5(a) of the FTC Act. In essence, Amare Global's production, marketing, and sale of dietary supplements (Happy Juice, Kids Mood+, Kids Happy Juice, and their component parts) give rise to all three counts asserted in the Complaint.

### B. The Related Case – *Window Rock*

In 2004, the FTC sued Amare Defendant Talbott for his role in an extensive advertising campaign related to products he claimed he created: "CortiSlim" and "CortiStress." Defendant Talbott, along with his *Window Rock* co-defendants, claimed these products impacted one's cortisol such that use of the products would lead to, *inter alia*, either weight loss (CortiSlim) or reduced stress (CortiStress). Defendant Talbott claimed over fifteen years of research demonstrated his products' efficacy. The FTC alleged these claims were false or unsubstantiated.

In 2005, Defendant Talbott agreed to resolve the FTC's claims against him and the court entered the Order. In the Order, Defendant Talbott agreed not to make false or unsubstantiated health claims and not to misrepresent facts about scientific tests or studies. *See* Sections II and III of the Order.

In a forthcoming motion for an order to show cause, the FTC intends to argue the same claims that form the basis for Counts I and III of the Complaint also violate Sections II and III of the Order. Further, pursuant to FED. R. CIV. P. 65(d), the FTC will seek contempt sanctions against three of the four Amare Defendants named in this case: Talbott, Amare Global, and Hintze.[2]

### C. *Amare Global Holdings* Is Related to *Window Rock*

This action arises from the claims made to sell Amare Global dietary supplements – the same claims the FTC asserts violate the Court's Order in *Window Rock*, which prohibits misrepresentations related to health claims. L.R. 83-1.3.1(a). As in *Window Rock* matter, the Amare Defendants make health claims about their dietary supplements, which the FTC claims are false, misleading, or unsubstantiated.

---

[2] The ultimate posture depends on the result of the meet and confers detailed *supra* n.1.

In this action, the FTC seeks determination of substantially related questions of law and fact as in its anticipated contempt action in *Window Rock*, including whether the health claims were made, whether they were false, misleading, or unsubstantiated, and whether two individuals (Talbott and Hintze) and a company (Amare Global) are responsible for them.  L.R. 83-1.3.1(b).  As such, assignment to a judge other than the Hon. Dale S. Fischer may duplicate labor, since any action to enforce the Order in *Window Rock* must proceed before Judge Fischer, the judge who presided over the *Window Rock* matter.  L.R. 83-1.3.1(c); Order Section XIV.  At the center of both cases are health claims made in marketing and selling dietary supplements.  As in *Window Rock*, the Amare Defendants lack any reliable scientific studies to support their deceptive health claims.  In addition, the Amare Defendants' claims violate Sections 5(a) and 12 of the FTC Act, just as Defendant Talbott's claims about supposed cortisol impacting products did in *Window Rock*.  Thus, the cases are related as this action and the forthcoming contempt proceeding will involve substantially related issues of fact and law.

The FTC respectfully gives notice that *Amare Global Holdings* and *Window Rock* are related cases.

Dated:  June 2, 2026

_/s/ Kimberly L. Nelson_
Christopher J. Erickson, *pro hac vice forthcoming*
Abbey Thornhill Wallace, *pro hac vice pending*
Kimberly L. Nelson, *pro hac vice pending*
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 677-8302 (Erickson)
cerickson@ftc.gov
(202) 256-1507 (Wallace)
awallace@ftc.gov
(202) 326-3304 (Nelson)
knelson@ftc.gov

JOHN D. JACOBS
Cal. Bar No. 134154; jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4360; Fax: (310) 824-4380

Attorneys for Plaintiff, Federal Trade
Commission